**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 96-30874
Summary Calendar
_____


LARRY W. MOORE and NAOMI S. MOORE

Plaintiffs-Appellants,

VERSUS

UNITED STATES DEPARTMENT OF AGRICULTURE,
FARMERS HOME ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(90-2073)

_____

March 13, 1997

Before DAVIS, EMILIO M. GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Appellants challenge the inadequacy of the district court's award of attorney's fees in this case. We vacate and remand.

Plaintiffs filed this suit against the Farmer's Home Administration on grounds that their application to participate in the agency's farm credit program was denied because of their race. The district court initially dismissed the case for prematurity and

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

lack of standing. We reversed and remanded for further proceedings. Moore v. U.S. Dept. of Agriculture, 993 F.2d 1222 (5th Cir. 1993). Following remand, the district court conducted a bench trial and then dismissed plaintiffs' case on grounds of sovereign immunity. An appeal was taken by the Moores and this court reversed and remanded for a trial on damages. Moore v. U.S. Dept. of Agriculture, 55 F.3d 991 (5th Cir. 1995). On remand, the district court held a bench trial and rendered judgment in favor of the Moores in the amount of $25,000. The court also directed counsel to submit their claim and supporting documentation for attorney's fees. The district court made a thorough analysis of the fees requested by the three counsel involved in the case. Affidavits from the Alexandria-Monroe area suggested a range of appropriate hourly rates running from $100 to $250. The court set the lodestar hourly rate for attorneys McPherson and Ellis at $100 and the rate for Mr. Deaton at $50 and hour. The court also established a rate of $40 per hour for paralegal work and determined that travel hours should be billed at $30 an hour. Based on these rates and the hours the court determined were reasonably expended on this case amounted to $35,505. This was calculated as the lodestar fee.

The district court then reduced the total fee from $35,505 to $7,500. The only significant reason given by the district court for this reduction is that plaintiffs' efforts "at the second trial can hardly be considered a 'success' as they recovered only 10% of

2

what was sought."  The court went on to say that "it is difficult to agree that the second trial was even justified in this manner."

The assigned reasons do not support the reduction.  We find no indication from the record that the plaintiffs had any choice but to try the case on damages.  No judgment in any amount would have been rendered unless plaintiffs tried the issue of damages and obtained a resolution of this issue.

The Supreme Court's decision in City of Riverside v. Rivera, 477 U.S. 561 (1986), supports our conclusion that the fee reduction was inappropriate.  In Riverside, the district court assessed an award of $245,000 in attorney's fees against defendants where the prevailing plaintiffs recovered only $33,350 in damages.  The Supreme Court affirmed in a plurality opinion and rejected a rule of proportionality for attorney's fees under § 1988.

The Fifth Circuit applied Riverside in Cobb v. Miller, 818 F.2d 1227 (5th Cir. 1987), in which a magistrate reduced attorney's fees by two-thirds where the plaintiff had recovered comparatively nominal damages.  This Court reversed, noting that while Riverside indicates that the amount of damages a plaintiff recovers is relevant to the amount of attorney's fees to be awarded, that factor, alone, is not decisive.  Id. at 1234.  The Cobb court explained:

> In the absence of other [relevant] factors justifying a reduction in a fee award, a district court should not reduce the fee award solely because of a low damages award.  Such an approach would lead to a proportionality requirement between the amount of attorney's fees and the

3

amount of damages and was explicitly rejected by the Court in <u>Riverside</u>.

<u>Id.</u> at 1235. Courts have applied the <u>Riverside</u> reasoning in contexts other than § 1988 fee awards. *See, e.g.*, <u>R.M. Perez & Assoc., Inc. v. Welch</u>, 960 F.2d 534 (5th Cir. 1992) (rejecting proportionality rule in RICO action). Its application here is equally valid.

Defendant's reliance on <u>EEOC v. Clear Lake Dodge</u>, 60 F.3d 1146 (5th Cir. 1995), is misplaced. In <u>Clear Lake</u>, we reduced plaintiff's attorney's fees where the plaintiff who prevailed on her Title VII claims was represented by both the EEOC and a private attorney. <u>Id.</u> at 1154. The Court reasoned that "because there is no suggestion of possible conflict between the interests of the EEOC and those of the plaintiff, nor any suggestion that the EEOC was lax in pursuing the Title VII claims, there is little justification on any basis for additional attorneys." <u>Id.</u> In the case at hand, however, the district court made no finding that the attorneys' efforts were duplicative.

Because the record reveals no legally justifiable reason for reducing the lodestar fee in this case, we vacate the fee award and remand this case for entry of judgment for attorney's fees in favor of plaintiffs in the amount of the lodestar as calculated by the district court in its July 10, 1996 ruling ($35,505) together with costs originally awarded. The district court shall also add

4

$2,000 to the fee award due plaintiffs for attorney's fees expended in prosecuting this appeal.

VACATED and REMANDED.